IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

RENETA ESKINDE )
)
v. ) NO. 3:05-0993
) JUDGE CAMPBELL
WILLIAMSON COUNTY, et al. )

MEMORANDUM

Pending before the Court is Defendant's Motion to Dismiss (Docket No. 8). For the reasons stated herein, Defendant's Motion is GRANTED, and this action is DISMISSED.

This case involves alleged employment discrimination based upon race and pregnancy. Plaintiff is a former employee of Defendant Williamson County, Tennessee. Plaintiff alleges that the discrimination at issue took place on or about July 7, 2003. She filed a complaint with the EEOC on July 8, 2003, and was issued a right-to-sue letter on November 17, 2003.

Plaintiff originally filed an action against Defendants on February 13, 2004. That action was dismissed, through a Stipulation of Dismissal filed by the parties, on November 22, 2004. Plaintiff filed this action on November 17, 2005, alleging the same misconduct.

Defendants have moved to dismiss Plaintiff's Complaint as barred by the applicable statute of limitations. In response, Plaintiff contends that Defendants will not be prejudiced if the Court tolls the statute of limitations based upon her former Complaint and that Plaintiff was ignorant of the re-filing deadline and did not know that the Tennessee Savings Statute did not apply to Title VII cases.

The Court finds that Plaintiff's action is barred. Although Plaintiff's original lawsuit was timely filed, this action was not. The filing of a Title VII complaint later dismissed without

prejudice does not toll the statutory filing period under Title VII. <u>Wilson v. Grumman Ohio Corp.</u>, 815 F.2d 26, 28 (6th Cir. 1987). State law tolling or savings provisions do not apply to the limitations periods expressly set forth in Title VII. <u>Wade v. Knoxville Utilities Bd.</u>, 259 F.3d 452, 461 (6th Cir. 2001); <u>Higginbotham v. Ohio Dept. of Mental Health</u>, 2005 WL 2319856 at* 5 (S.D. Ohio Sept. 22, 2005).

Plaintiff's assertion that she was ignorant of the re-filing deadline and that she did not know that the state savings statute did not apply to Title VII cases does not alter the result. Among the factors considered in determining whether equitable tolling should be allowed are the Plaintiff's diligence in pursuing her rights and the Plaintiff's reasonableness in remaining ignorant of the particular legal requirement. <u>Seay v. Tennessee Valley Authority</u>, 339 F.3d 454, 469 (6th Cir. 2003). Plaintiff was represented by counsel in her first lawsuit and is represented by counsel in this lawsuit. The Court finds that Plaintiff's failure to ascertain the filing requirements after dismissing her prior case was neither diligent nor reasonable under the circumstances.

For these reasons, Defendant's Motion to Dismiss (Docket No. 8) is GRANTED, and this action is DISMISSED.

IT IS SO ORDERED.

_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE

2

Case 3:05-cv-00993   Document 16   Filed 03/22/06   Page 2 of 2 PageID #: 50